ESTATE OF MURRAY LEVISON, DECEASED, HERBERT J. STOLL AND RICHARD L. BAROVICK, ADMINISTRATORS WITH THE WILL ANNEXED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Levison v. Commissioner
Docket No. 12564-78.
United States Tax Court
T.C. Memo 1979-470; 1979 Tax Ct. Memo LEXIS 62; 39 T.C.M. (CCH) 536; T.C.M. (RIA) 79470; November 26, 1979, Filed *62 The envelope containing the petition in this case was mailed from New York, New York, and was postmarked by a private postage meter. The postmark was dated the 89th day after the notice of deficiency was mailed to the petitioner. The petition was received and filed at the U.S. Tax Court on the 97th day. Held: petitioner failed to prove it met the requirements of sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; accordingly, under secs. 7502(b) and 6213(a), I.R.C. 1954, the petition was not timely filed. Respondent's motion to dismiss for lack of jurisdiction is granted. Eli D. Schoenfield, for the petitioner. Theodore J. Kletnick and Tracy L. Rich, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: This proceeding is before us on respondent's motion to dismiss for lack of jurisdiction because the petition was not filed within he time prescribed by section 6213. [1]
FINDINGS OF FACT Herbert J. Stoll and Richard L. Barovick (hereinafter referred to as "the administrators") are the administrators of the Estate of Murray Levison, deceased, having *63 been so appointed by the Probate Court of the State of Connecticut, District of Stamford. On August 3, 1978, respondent mailed to the administrators, by certified mail, a statutory notice of deficiency, determining a deficiency of $242,303.66 in estate tax against petitioner. The 90-day period for timely filing a petition with this Court to redetermine the deficiency expired on Wednesday, November 1, 1978, which was not a legal holiday in the District of Columbia. The petition was dated October 31, 1978. The envelope containing the petition was mailed by regular mail, postage prepaid, in New York, New York; it was addressed to "CLERK, U.S. TAX COURT, Washington, D.C. 20217". The envelope was neither postmarked nor cancelled by the United States Postal Service (hereinafter referred to as "Postal Service"); the only postmark on the envelope was made by a private postage meter, that is, a postage meter not operated by the Postal Service. This postmark bore a date of October 31, 1978, the 89th day after the mailing of the notice of deficiency. There are no Postal Service markings on the envelope. The petition was received by this Court in the United States mail and stamped by Court *64 personnel as having been received "1978 NOV 8 AM 10 01". It was then stamped as filed "1978 NOW 8 PM 12 40", 97th day after the mailing of the notice of deficiency. On October 31, 1978, there was a Postal Service collection facility on the first floor of petitioner's counsel's office building at One Dag Hammarskjold Plaza, New York, New York. The last scheduled collection of the day at that facility was 5:15 p.m. The first scheduled collection of November 1, 1978, at the facility was 9:45 a.m. The envelope containing the petition was not delivered to this Court within the time it ordinarily takes for delivery from New York, New York, of an envelope properly mailed on November 1, 1978. OPINION Respondent maintains that petitioner has failed to prove the petition was timely filed and that, as a result, this Court lacks jurisdiction. Petitioner asserts that the petition was timely filed. We agree with respondent. In order to give this Court jurisdiction to redetermine a deficiency asserted in a notice of deficiency, petitioner must have filed its petition with this Court within 90 days after the notice was mailed to it. [2] (Petitioner does not claim that it was entitled to the 150-day *65 period allowed to persons outside the country.) In the instant case, the petition was filed on the 97th day, so petitioner has not complied with the basic statutory requirement for invoking our jurisdiction. Recognizing this, petitioner relies on section 7502(a), [3] *67 generally to the effect that timely mailing is timely filing. Since the only postmark on the envelope is one not made by the Postal Service, petitioner relies also on section 7502(b) [4] and the regulations prescribed thereunder. The relevant subdivision of these regulations, section 301.7502-1(c)(1)(iii)(b), [5] *68 *69 Proced. & Admin. Regs., provides that section 7502 is to apply to such mail if (1) the postmark bears a timely date and (2) *66 delivery occurs within the time it ordinarily takes for delivery of an envelope properly mailed on the last day prescribed for filing. Alternatively, the regulations provide that the postmark will be determinative of timely filing only if the person required to file the particular document establishes: (1) that the document was actually deposited in the mail in time to be collected on or before the last day for filing; (2) the delay in delivery was attributable to delay in transmission of the mail; and (3) the cause of the delay. Respondent contends that the timely-mailing-timely-filing provisions of section 7502 are not applicable to petitioner because (1) the delivery did not occur within the time it ordinarily takes for delivery from New York to Washington, D.C., of an envelope properly mailed on the last day prescribed for filing, and (2) petitioner has failed to establish the three conditions of the alternative rule prescribed by the regulations. [6] Petitioner asserts (1) that the delivery did occur within the time it ordinarily takes for delivery *70 from New York to Washington, D.C., and alternatively (2) that it has shown that the petition was actually deposited in the mail in time to be collected within the 90-day statutory period, that any delay in delivery was attributable to a delay in the transmission of mail, ad that it has shown the cause of the delay. The burden of proving the Court has jurisdiction is on petitioners. ; . Time Ordinarily Required for Delivery
Respondent first contends that notwithstanding the timeliness of the postmark date, the petition was not received at the Tax Court within the time ordinarily required for the delivery of a document properly mailed from New York. To support this contention *71 respondent presented the testimony of the manager of quality control employed by the Postal Service in New York. The witness testified that mail deposited at a mail box in New York by 5:00 p.m. or brought into a post office in New York no later than 5:00 p.m. would ordinarily be received at the U.S. Tax Court in Two days. Specifically, he testified that if petitioner's counsel had placed the envelope in the postal collection facility on the first floor of his office building around 8:30 p.m. on October 31, 1978 (as testified to by petitioner's counsel), it would normally be picked up at 9:45 a.m. on November 1, 1978, and it normally would arrive in Washington, D.C., on Friday, November 3, 1978. The witness testified that approximately 86 percent of the mail sent from New York to Washington, D.C., during the period October 7, 1978, through December 23, 1978, was delivered within the two-day period. In support of its contention that seven days is within the time it ordinarily takes to deliver mail from New York to Washington, D.C., petitioner presented the testimony of petitioner's counsel that he had personally experienced problems with the mail whereby mail might not be delivered *72 for two weeks from the time mailed. Petitioner also relies on the quality control manager's testimony that it is possible that a letter mailed in New York might not get to Washington, D.C., until seven days later. What the ordinary time is for delivering mail is a factual matter. ; . Although the evidence might justify a conclusion that receipt by this Court on Monday, November 6, 1978, would satisfy the requirement of the regulation (see ), we are not persuaded that the actual receipt by this Court, on Wednesday, November 8, 1978, satisfies this requirement. The fact that it is possible that a letter may be delayed even longer does not thereby extend what is the ordinary period of delivery. "Ordinary" means "of a kind t be expected in the normal order of events." Webster's New Collegiate Dictionary (1977). On this point we hold for respondent. Alternative Rule
Since we have concluded that the petition was not delivered within the ordinary time of delivery, if petitioner is to qualify under the regulations, it must do so under the alternative rule by establishing (1) the *73 time when the petition was deposited in the mail, (2) the fact that the delay in delivery was due to delay in the transmission of the mail, and (3) the cause of the delay. , affg. a Memorandum Opinion of this Court; [7], affd. per curiam . Testimony was taken as to time of mailing. Testimony was taken that the address noted on the envelope should not have resulted in any delay in transmission. However, no testimony was presented as to the cause of the delay that evidently occurred. Petitioner asserts that the poor quality of service by the Postal Service was the cause of delay. Petitioner relies on the general experience of its counsel and on committee report and Congressional Record descriptions of poor postal service cited in Stottter v. Commissioner, 69 T.C. at 899, as a basis for this assertion. In fact, petitioner's counsel admitted he failed to inquire at the Postal Service about any possible causes of delay during the relevant period even though a continuance had been granted for precisely that purpose. Further, petitioner's *74 counsel testified that he knew of no reason for the delay. Petitioner has failed to show a cause of delay. Poor quality of service by the Postal Service might affect our determination of the time ordinarily required for delivery ( ); however, it is not the sort of specific cause of delay contemplated by the regulations. See ; . We are unable to conclude that petitioner has met the requirements of respondent's "legislative" regulations. On this alternative, also, we hold for respondent. * * *
(1) Respondent asks us to apply the rules of , affd. , because of the opinion of the Court of Appeals for the Second Circuit in We hold for respondent because of our analysis of the statute, the "legislative" regulations, and the decided cases, all as applied to the facts as we find them. Reliance on the rule in Golsen would not change the result and so is inappropriate in this case. (2) Petitioner argues that it is important that this case not be dismissed because it is related to *75 another case pending before the Tax Court and a decision in the instant case may affect the amount of deficiency in that other case. We have stated on several occasions that we prefer to hold that this Court has jurisdiction, whenever possible, so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof. E.g., ; . However, the Congress has limited the period for filing a petition with this Court and we have no choice but to reject this petition because it has not been filed within the time allowed by the law. E.g., , affg. an Unpublished Order of this Court; Petitioner need not be denied its day in court as it may pay the deficiency, file a claim for refund, and, if the claim is denied, sue to recover in the United States District Court or the Court of Claims.
An appropriate order granting respondent's motion will be issued. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954.↩
2. SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES; PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *↩
3. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (2) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. ↩
4. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. * * *
(b) Postmaks.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. ↩
5. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.: If the postmark on the envelope or wrapper is made other than by the Usnited States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so post-marked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed sn accordance with this subdivision shall be determined solely by applying the rule of (a↩) of this subdivision.
6. In respondent's opening statement, he contended that the envelope was improperly addressed with the consequence that section 7502 is not applicable. See section 7502(a)(2)(B), note 3 supra↩. Respondet appears to have abandoned this contention on brief. In any event, in view of our conclusion on the clearly controverted points, it is not necessary to decide in this case whether the envelope was properly addressed.
7. .↩